PER CURIAM.
This case comes back to us on remand from the United States Supreme Court in Thompson v. Louisiana, — U.S.—, 105 S.Ct. 409, 83 L.Ed.2d 246 (1984). In State v. Thompson, 448 So.2d 666 (La.1984), we reversed the ruling of the trial judge granting (in part) defendant’s motion to suppress evidence seized during a warrantless “murder scene” search conducted by two homicide investigators. That search, which lasted approximately two hours, began some thirty-five minutes after the police responded to the initial report of a shooting at defendant’s home, found the victim (her husband) dead in one bedroom, and the defendant unconscious from a drug overdose in another bedroom. By the time the investigators arrived, defendant had already been taken in an ambulance to the hospital. Defense counsel moved to suppress the evidence taken in the subsequent search relying in part on Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d *40 290 (1978). In State v. Thompson, supra, we distinguished Mincey on several grounds, among them that “[a] third party, defendant’s daughter portraying an apparent authority over the premises through the defendant’s request for assistance, met and admitted the police to the premises ... the defendant’s privacy interests under these facts [were] greatly diminished....” Id,., 448 So.2d at 671. In Thompson v. Louisiana, supra, the Supreme Court has now held that defendant’s privacy interests in her own home survived the initial emergency situation created by the need of the police to secure the premises in a “victim-suspect” search and to render assistance in transporting her to the hospital. Id., 105 S.Ct. at 412. The Court left open for our consideration, however, the state argument that “... there was a sufficient element of consent in this case to distinguish it from the facts of Mincey.” Id.
At the hearing conducted on September 23, 1982, the state had the burden of justifying the warrantless search of defendant’s home. State v. Roberds, 393 So.2d 715 (La.1981); State v. Franklin, 353 So.2d 1315 (La.1977). The basis of the motion to suppress was clear, as the accompanying memorandum argued, among other things, that defendant did not, and her daughter could not, consent to the general search of the home for evidence. The state called only the two homicide investigators as witnesses at the hearing and, in response to direct questions from defense counsel, both officers testified unequivocally that they did not obtain consent for the search.
Under these circumstances, we now find no error in the trial court’s determination to suppress the .25 caliber pistol seized from a chest of drawers in the bedroom where the victim was killed, and the suicide note taken off the top of a chest of drawers in the bedroom where defendant was discovered unconscious. We disagree with the trial court, however, that the torn-up note found in the bathroom wastebasket, only two feet away from the victim’s body, came within the “plain view” of the officer. When asked by defense counsel whether from “the outward appearance of the pieces of paper in the wastebasket” he could tell that the note was evidence in a murder investigation, Officer Zina replied, “No.” According to Zina, “... these papers were collected and taped together the best way possible, which it was hard to get any detail of what the note exactly said.” The note therefore did not fall within the “plain view” of the officers as it was not immediately apparent that the pieces of paper were evidence of a crime. Cf., State v. Pomes, 376 So.2d 133 (La.1979).
Accordingly, the ruling of the trial court on the motion to suppress is affirmed in part and reversed in part, and this case is remanded for further proceedings not inconsistent with this opinion.